Lynch *vs.* Lively.

---

WILKINS LYNCH, plaintiff in error, *vs.* SUSAN LIVELY, and another, defendants in error.

1. Upon a question of the solvency or insolvency of an intestate's estate, the return of the quantity, kind and value of his taxable property, made by him, in the year of his death, to the Receiver of Tax Returns, is competent and admissible evidence.

2. The verdict of a jury, upon an issue of fact fairly submitted to them, wherein evidence was adduced on both sides, and no error of law complained of, will not be disturbed, especially when the Judge who tried the case is satisfied with the finding.

3. Where the application of a widow, for administration on the estate of her deceased husband, is caveated on the ground that the estate is insolvent, and the insolvency depends upon the solvency of divers debtors of the intestate, or upon the validity of the intestate's title to property held by him at the time of his death, but claimed by strangers, or upon the validity of disputed claims against his estate, or upon like doubtful questions, insolvency should not be recognized as a sufficient ground of caveat against the claim of the widow, and heir-at-law, to the administration.

4. In a contest for the administration of an estate, between the widow and sole heir-at-law, and a creditor of the intestate, whose debt is disputed, or who sets up a claim to property of which the intestate died seized, and *a fortiorari*, where he claims in both characters, the widow will be preferred, notwithstanding the alleged insolvency of the estate.

5. If the widow of an intestate, seeking the administration of her husband's estate, join with herself in the application, one of acknowledged probity and capacity, having no personal interest in the estate, but representing a portion of the creditors, they jointly will be preferred to a creditor having a large claim and sustained by other creditors, whether the estate be solvent or insolvent.

Application for administration and caveat thereto. Tried before the Hon. IVERSON L. HARRIS, at the March Term, 1861, of Putnam Superior Court.

In this case Susan Lively, the widow and sole heir of her deceased husband, applied to the Ordinary of Putnam county for letters of administration on his estate. She joined an attorney at law, of ability and good character, (who represented a portion of the creditors of the deceased,) with her in the application.

The application was caveated by a brother of the deceased

on the ground, that he was a large creditor of the estate, and that the same being insufficient to discharge the debts outstanding against it, the applicant had no interest in the estate, and that therefore he, the caveator, was entitled, in law, to the administration in preference to the applicant.

The Ordinary ruled against the caveat, and granted letters of administration to the widow and her associate applicant. From this decision the caveator appealed to the Superior Court, and the trial resulted in an affirmance of the judgment of the Ordinary.

The caveator now prosecutes this writ of error to reverse that judgment.

The opinion of the Court, as pronounced by Mr. Justice Jenkins, contains all the facts necessary to a clear understanding of the questions made and adjudicated in the case, and therefore the Reporter deems a further statement unnecessary.

————————, for plaintiff in error.

————————, for defendant in error.

*By the Court.*—JENKINS, J., delivering the opinion.

This was a contest for the administration of an intestate's estate, between his widow (who under our statute of distributions was his sole heir-at-law, there being no surviving child,) and an attorney at law, representing certain creditors of the intestate, applying jointly for the administration, and a brother of the intestate, who is a large creditor, and caveats the claim of the widow for letters of administration, on the ground that the estate is insolvent, and she therefore not interested in it.

The fact of the insolvency of the estate was contested on the trial of the case in the Superior Court on appeal from the Court of Ordinary. The jury in the Superior Court found for the applicants, sustaining the judgment of the Court of Ordinary. The caveator moved for a new trial on several

grounds, which motion was refused, and he excepts on each ground.

In support of the alleged insolvency of the intestate, the caveator had offered evidence of the property and its value, whereof the former died seized, and of the amount of his indebtedness.

In rebuttal, by way of proving that the property of the deceased, at the time of his death, all of which had gone into the hands of the caveator, and so continued, was greater than appeared from the evidence adduced by the caveator, the applicants offered the return made by the intestate of his taxable property to the Receiver of Tax Returns in the year of his death. This evidence was objected to, but admitted by the Court, and this ruling is one of the grounds upon which a new trial was asked.

Was this evidence competent? It was a statement made by the intestate, under oath, of the kind and value of his taxable property immediately preceding his death. It is now offered for the purpose of augmenting the estimated value of his estate. He may be supposed to have known better than any other of what that estate consisted. He was stating its quantity and value for the assessment of his tax dues, and the larger the estimate the heavier his burden of taxation. With competent knowledge in the premises, acting under the solemnity of an oath, and restrained by considerations of personal interest from making an over-estimate, we think this evidence competent and reliable for the purpose aimed at. It is certainly better evidence as to the quantity of the estate than that upon which the objector rests his case, viz: his own inventory, when acting under letters testamentary subsequently revoked. A new trial was asked, secondly, on the ground that the verdict is unsupported by evidence, and is strongly and decidedly against the weight of evidence. The evidence upon which the plaintiff in error rested his case seems to us of a very unsatisfactory character. Much of it was of his own creation, prepared, it is true, without expectation of being put to this use, but still prepared, and in contemplation of law intended, in certain contingencies, to

be used by others against him; his interest, therefore, was to diminish the quantity and value of the estate. Now in quite a different contingency he seeks to use it against others, but still with a view of reducing the apparent value of the estate, in support of his allegation of insolvency. It seems to have come in unresisted. There exists a misunderstanding between the opposing counsel as to the terms upon which it was admitted, and the effect which, by consent, it is to have.

For the plaintiff in error, it is insisted that by consent it is to be taken as true, whilst on the part of the defendant it is maintained that it was permitted to go before the jury only for what it was worth, subject to be impeached for any defect apparent upon its face, or to be contradicted by other evidence. All that appears in the record on this point is, that it was admitted by consent without a specification of the terms of that consent.

The Court below seems not to have regarded it as conclusive upon the fact of insolvency. He admitted rebutting testimony, although objected to; he charged the jury to inquire from the evidence into the truth of that allegation. Having charged the jury upon the legal questions (the effect of the intestate's insolvency in the pending issue) in favor of the caveator, he afterwards refused to disturb the verdict, on the ground that it was unsupported by the evidence. Under all the circumstances we are constrained to do the like, imputing no fraud to the caveator, but simply weighing his evidence in the scales of law, and carefully avoiding any invasion of the province of the jury. The verdict is further impeached as being contrary to law. To fix this taint upon it we must assume that satisfactory proof was made of the intestate's insolvency, for upon that fact the caveator rests his right in law to the administration in preference to the widow. This point we have considered and determined adversely to the plaintiff in error. But as the bill of exceptions does make the question, whether or not the insolvency of the intestate gives to a creditor a right to the administration of his estate superior to that of his next of kin and heir-at-law, and as this question has been argued at length, it

Lynch *vs.* Lively.

may be proper to adjudicate it. In doing so, however, we shall not go beyond the question made by the circumstances of this case. We do not now rule that under all circumstances (*e. g.*, the admitted insolvency of the intestate) the heir-at-law shall be preferred over a creditor in a contest for administration.

2nd. But we hold that in cases of doubtful insolvency, depending upon the solvency of divers debtors of the intestate, or upon the validity of intestate's title to property, held by him at the time of his death, but claimed by strangers, or upon the validity of disputed claims against his estate, or upon like doubtful questions, insolvency should not be recognized as a sufficient ground of caveat against the claim of the heir-at-law to the administration. In such cases the Court would be led into the trial of issues too various—of issues, no one of which can properly be tried unless a qualified representative of the intestate join in them.

In the case cited from R. M. Charlton's Reports, 17, there seems to have been no contest upon the insolvency of the estate. It is treated by the Court as an undisputed fact.

In Calvin vs. H. M. Procurator General, 3 Eng. Eccl. R., 41, the intestate had been drowned, and his wife with him. He was a bastard, and of course had no collateral heirs. He left no children. A creditor applied for administration, setting up a large demand, and showing effects scarcely amounting to one-tenth of the debt. No opposition being made, the Court said, "that in strictness the representative of the wife ought to have been cited, but as the *prima facie* presumption of law was, that the husband survived, and as the property was small, and the debt large, the decree might pass."

From the caution here expressed by the Court, we may infer what the judgment would have been had the wife survived, contested the right of administration, and called in question the validity of the creditor's claim.

In Webb vs. Needham, 2 Eng. Eccl. R., 189, there was a contest for administration between the widow (who had married again) and a brother of intestate, claiming to be creditor

to an amount nearly equal to the value of the estate. His claim was denied by the widow, or rather by her who had been the widow of the intestate.

The case is very similar to this, except that in this case the surviving wife is a second time a widow, being at the time of her application and now a *feme sole.*

In that case the Court granted the administration to the surviving wife, and under all the circumstances, thought the claim of the brother weakened by the relation of creditor to the deceased, set up by him.

Touching this debt, Sir John Nicholl says : " The parties here, then, are distinctly at issue, and this being a question purely extrinsic and collateral, is one into the merits of which most assuredly this Court will decline to enter. But the brother having disputable, or at least disputed claims, upon the intestate's property, is a circumstance rather adverse to than in favor of his pretensions to the administration, in my view of the case."

3d. This brings me to say, that we hold further, that in a contest for the administration between the widow and sole heir-at-law, and a creditor of the intestate, whose debt is disputed, or who sets up a claim to property of which the intestate died, seized, and *a fortiorari,* where he claims in both characters, the widow will be preferred, notwithstanding the alleged insolvency.

Again, we hold that if the widow of an intestate seeking the administration, join with herself, in the application, one of acknowledged probity and capacity, having no personal interest in the estate, but representing the wishes and interests of a portion of the creditors, they jointly, will be preferred to a creditor having a large claim and sustained by other creditors, whether the estate be insolvent or not.

In any and every view of this case, we are satisfied with the result.

Let the judgment be affirmed.